UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>[11] LUIS SANTANA-MENDOZA,<br><br>*Defendant*. | Criminal No. 14-0754 (MAJ) |

## OPINION AND ORDER

### I.   Introduction

On December 18, 2014, the Grand Jury handed down a sixteen count indictment against Luis Santana-Mendoza ("Defendant") charging him with several drug and money laundering violations.[1] (**ECF No. 3**). Trial is scheduled for November 6, 2024. (**ECF No. 2817**). Pending before the Court is Defendant's Motion Requesting Order. (**ECF No. 2818**). Briefly, Defendant is requesting the Court order the disclosure of itemized co-conspirator statements from the Government. (**ECF No. 2818**). The Government has responded. (**ECF No. 2842**). For the reasons stated hereafter, Defendant's Motion is **DENIED**.

### II.   Applicable Law and Analysis

Defendant argues that under Federal Rule of Criminal Procedure 16 ("Rule 16), the Government must disclose any statement made by Defendant. (**ECF No. 2818 at 1**). Because co-conspirator statements are considered non-hearsay and directly attributable

---

[1]   Defendant was not charged with count 3.

to Defendant, Defendant argues that these statements must be disclosed as well. *Id.* The Court disagrees.

Rule 16 governs discovery in criminal actions. Fed. R. Crim. P. 16. However, there is "no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); *see also Kaley v. United States*, 571 U.S. 320, 335, 134 S.Ct. 1090, 188 L.Ed.2d 46 (2014) (citing same)). "The Supreme Court has [] held that due process of law demands the disclosure of exculpatory and impeachment evidence." *Id.* (citing *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)). However, "Rule 16 generally precludes the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [the *Jencks* Act]." *United States v. Rodríguez-Canchani*, 566 F. Supp. 3d 129, 135 (D.P.R. 2021) (citing Fed. R. Crim. P. 16(a)(2)).

As the Government points out, while the First Circuit has yet to address whether Rule 16 necessarily compels the Government to disclose co-conspirator statements, the circuits that have addressed the issue have held in the negative. (**ECF No. 2841**); s*ee United States v. Mayberry*, 896 F.2d 1117, 1122 (8th Cir. 1990) (holding that Rule 16 does not allow the discovery of statements other than those of the defendant); *United States v. Orr*, 825 F.2d 1537, 1541 (11th Cir. 1987) (Rule 16(a)(1)(A) does not apply to coconspirator's statements); *United States v. Roberts*, 811 F.2d 257, 258 (4th Cir. 1987) (en banc) ("The plain language of Fed. R. Crim. P. 16(a)(1)(A) pertains to the discovery of statements 'made by the defendant.' The rule does not mention and is not intended to apply to the discovery of statements made by co-conspirators. Such statements are more properly governed by the Jencks Act, 18 U.S.C. § 3500."); *In re U.S.*, 834 F.2d 283, 286

(2d Cir. 1987) ("allowing a defendant to discover the statement of a coconspirator as his own would transmogrify the coconspirator into the person of the defendant himself. What this exercise in legal legerdemain overlooks is that a defendant who fears further disclosure by a coconspirator could take whatever unlawful steps are necessary to ensure that his alter ego is silenced.").[2]

District courts outside of the above-mentioned circuits have reached similar conclusions. *United States v. Coles*, 511 F. Supp. 3d 566, 579 (M.D. Pa. 2021) ("With respect to coconspirators, the robust and longstanding consensus of district courts within this circuit [(the Third Circuit)] is that statements of coconspirators are not discoverable under Rule 16.") (collecting cases). And at least two courts in this district have held the same. *See United States v. Rodríguez-Canchani*, 566 F. Supp. 3d 129, 135 (D.P.R. 2021) ("The request for statements by indicted and unindicted conspirators is overly broad, falling beyond the scope of the United States discovery obligations."); *United States v. Panzardi-Alvarez*, 646 F. Supp. 1158, 1161 (D.P.R. 1986) ("To the extent that said motions exceed the scope of Rule 16 for seeking disclosure of statements made by coconspirators, Government witnesses, or statements otherwise prohibited under Fed. R. Crim. P. 16(a)(2), they are DENIED.").

The Court declines to depart from the robust consensus amongst courts who have addressed this issue and will not grant Defendant the relief he seeks. "The Court is confident that the United States is aware of its duty to disclose impeachment or exculpatory information in a timely manner, and of the consequences of failing to do so." *United States v. Rodríguez-Canchani*, 566 F. Supp. 3d 129, 136 (D.P.R. 2021).

---

[2] Defendant cites to *United States v. Jackson*, 757 F.2d 1486 (4th Cir. 1985) in support of his proposition. (**ECF No. 2818 at 2**). However, the Fourth Circuit reversed that decision two years later in *United States v. Roberts*, 811 F.2d 257 (4th Cir. 1987), as indicated in the above parenthetical.

### III. Conclusion

Accordingly, for the reasons stated above, Defendant's request for an order compelling the Government to disclose co-conspirator statements is **DENIED**. (**ECF No. 2818**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of October, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**