UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>[11] LUIS SANTANA-MENDOZA,<br><br>*Defendant.* | Criminal No. 14-0754 (MAJ) |

**OPINION AND ORDER**

I. **Introduction**

On December 18, 2014, the Grand Jury handed down a sixteen count indictment against Luis Santana-Mendoza ("Defendant") charging him with numerous drug and money laundering violations.[1] (**ECF No. 3**). Trial is scheduled for November 6, 2024. (**ECF No. 2817**). Pending before the Court is Defendant's Motion to Dismiss counts four through sixteen, wherein Defendant argues those counts should be merged with counts one and two. (**ECF No. 2819**). The Government has responded. (**ECF No. 2844**). For the reasons stated hereafter, Defendant's Motion is **DENIED**.

II. **Background**

Count one of the indictment charges Defendant with conspiracy to import into the United States controlled substances in violation of 21 U.S.C. §§ 952, 960, and 963. (**ECF No. 3 at 3**). Count two charges Defendant with conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1). *Id.* at 5.

---

[1] Defendant was not charged with count 3.

Count four charges Defendant with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956 and 1957 and counts five through sixteen charge Defendant with money laundering in violation of 18 U.S.C. § 1957. *Id.* at 14, 23.

Defendant argues that "[i]t is evident from the face of the indictment that the purported illegal conduct supporting count one and two conspiracies is the same and exact alleged conduct in which the money laundering counts are grounded." (**ECF No. 2819 at 4**). He maintains that the drug distribution conspiracies are "grounded on the alleged financial and monetary transaction that also support the money laundering counts [which] indisputably present[s] a merger problem." *Id.* at 6. Accordingly, he argues that "[a]t trial the [G]overnment will not be able to change the charged theory without improperly altering the indictment and causing a prejudicial amendment or variance of the indictment." *Id.* In response, the Government argues there is no merger problem where the evidence underlying the money laundering counts differs from those underlying the drug trafficking counts, as is the case here. (**ECF No. 2844**).

### III.    Legal Standard

Under the Federal Rules of Criminal Procedure, an indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). "An indictment need not say much to satisfy these requirements—it need only outline the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." *United States v. Berríos-Aquino,* 22-cr-00473, 2024 WL 1468488, at *3 (D.P.R. Apr. 4, 2024) (citing *United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011)).

2

"In contrast to a complaint in a civil action, an indictment in a criminal case generally is not subject to dispositive motion practice." *United States v. Jaafar*, 636 F. Supp. 3d 266, 268 (D. Mass. 2022) (*United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997) ("[D]ismissing an indictment is an extraordinary step.")). Accordingly, "[a] federal court's power to dismiss an indictment is reserved for 'extremely limited circumstances.'" *Jaafar*, 636 F. Supp. 3d at 268 (quoting *Whitehouse v. U.S. Dist. Court for Dist. Of Rhode Island*, 53 F.3d 1349, 1360 (1st Cir, 1995)). "Indeed, '[i]n the normal course of events, a facially valid indictment returned by a duly constituted grand jury calls for a trial on the merits.'" *Id.* (quoting *Stokes*, 124 F.3d at 44).

IV.   **Applicable Law and Analysis**

"The Supreme Court has held that a money laundering conviction may present a merger problem where 'nearly every violation of the predicate crime with which the defendant is charged would also be a violation of the money-laundering statute.'" *United States v. Cardona*, 88 F.4th 69, 80 (1st Cir. 2023), *cert. denied*, 144 S. Ct. 1082, 218 L. Ed. 2d 254 (2024) (quoting *United States v. Santos*, 553 U.S. 507, 518, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008)) (cleaned up); *see also United States v. Chin*, 21-cr-10256, 2024 WL 3834979, at *3 (D. Mass. Aug. 14, 2024) ("A merger problem exists where the money laundering crime is based upon the same or continuing conduct of the underlying predicate crime.") (internal citations and quotations omitted).

"[M]oney laundering criminalizes a transaction in proceeds, not the transaction that creates the proceeds." *United States v. Abbas*, 100 F.4th 267, 285 (1st Cir. 2024) (internal citations and quotations omitted); *see also* 18 U.S.C. § 1956. The First Circuit has been clear that no merger problem exists between drug trafficking and money laundering charges, because "[o]ne may conspire to distribute and possess with intent to

3

distribute [controlled substances] without engaging in a financial transaction." *Cardona*, 88 F.4th at 80. Simply put, "the money laundering charge requires proof of a financial transaction, . . . which is [not] required to prove the drug conspiracy charge." *United States v. Pratt*, 533 F.3d 34, 38 (1st Cir. 2008); *see also United States v. Adorno-Molina*, 774 F.3d 116, 124 (1st Cir. 2014) (holding that there is no merger problem for a money laundering conviction where the predicate crime is drug trafficking).

In light of this, Defendant's drug trafficking charges do not merge with his money laundering charges. Defendant's arguments to the contrary do not convince the Court otherwise. Even assuming, arguendo, that the alleged conduct was the same under all counts, the relevant inquiry is about what is required by the Government to sustain a conviction. The Court elaborates.

To prove count one, or conspiracy to import into the U.S. controlled substances in violation of 21 U.S.C. §§ 952, 960, 963, the Government is required to show that Defendant:

> [K]nowingly and intentionally combine, conspire, confederate and agree together and with each other . . . to commit an offense against the United States: that is, to intentionally and knowingly import into the United States five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance; and five (5) kilograms or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance.

(**ECF No. 3 at 3**). To prove count two, or conspiracy to possess with the intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846, the Government is required to "prove 1) the existence of a conspiracy to possess heroin and cocaine . . . with the intent to distribute it, and 2) that the defendant knowingly and willfully joined in that conspiracy." *United States v. Ramos-Báez*, 86 F.4th 28, 55 (1st Cir. 2023) (cleaned up). Notably, while the indictment alleges certain financial transactions

4

occurred under count two,[2] the Government is not required to prove that a financial transaction occurred in either of these counts.

Conversely "[t]o prove conspiracy to commit money laundering, the government [is] required to show that [Defendant] agreed with one or more co-conspirators to 1) knowingly conduct a financial transaction 2) involving funds that [Defendant] knew to be the proceeds of some form of unlawful activity and 3) that were in fact the proceeds of a specified unlawful activity, and 4) that [Defendant] knew the transactions to be designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of such unlawful activity." *United States v. Misla-Aldarondo*, 478 F.3d 52, 68 (1st Cir. 2007) (internal citations and quotations omitted). As can be seen, proof of a financial transaction is required by the Government for counts four through sixteen, unlike counts one and two. *See United States v. Pratt*, 533 F.3d 34, 38 (1st Cir. 2008) ("[T]he money laundering charge requires proof of a financial transaction, . . . which is [not] required to prove the drug conspiracy charge."). Accordingly, regardless of whether a financial transaction is alleged to have occurred in counts one and two, the charges do not merge where said transactions are not required for the remaining counts.

To the extent Defendant is seeking dismissal based on a potential variance or constructive amendment to the indictment, this argument is premature. A constructive amendment occurs when the charging terms of the indictment are altered, either literally or in effect, by [the] prosecution or [the] court after the grand jury has passed upon them. A variance occurs when the charging terms remain unchanged but when the facts proved

---

[2] There is no mention of financial transactions under count one. (**ECF No. 3 at 3-5**).

at trial are different from those alleged in the indictment. *United States v. DeCicco*, 439 F.3d 36, 43 (1st Cir. 2006) (citations and quotations omitted).

"By definition, a variance objection is made after the presentation of the evidence because it arises from a difference between the facts presented and those charged." *United States v. Dowdell*, 464 F. Supp. 2d 64, 66 (D. Mass. 2006); *United States v. Carmona-Bernacet*, 539 F. Supp. 3d 253, 260 (D.P.R. 2021) (citing same). Accordingly, Defendant's "pretrial challenge based on [] variance is inappropriate." *United States v. Carmona-Bernacet*, 539 F. Supp. 3d 253, 260 (D.P.R. 2021); *see also United States v. Lewis*, 07-cr-40055-24, 2008 WL 11404848, at *2 (D.S.D. Apr. 22, 2008), *report and recommendation adopted*, 07-cr-40055-24, 2008 WL 11404845 (D.S.D. May 20, 2008) ("It likewise cannot be decided before trial whether any potential variance affects a defendant's substantial rights."); *United States v. Dehghani*, 06-cr-00168-01, 2007 WL 38671, at *1 (W.D. Mo. Jan. 4, 2007) ("Because variance is not appropriately raised in a pretrial motion to dismiss, [the] defendant's motion to dismiss on this basis should be denied."); *United States v. Irvin*, 04-cr-309, 2005 WL 3434138, at *2 (W.D. Pa. Dec. 13, 2005) ("Here, defendants have not yet gone to trial so their challenge to the indictment on the grounds of a variance between the facts alleged in the indictment and the proof is clearly premature.").

The same applies to Defendant's concern of a potential constructive amendment, which occurs "either by alteration of the words of the indictment, a jury instruction which modifies the charge, or the admission of evidence which modifies the offense charged[.]" *United States v. Maling*, 737 F. Supp. 684, 689 (D. Mass. 1990), *aff'd sub nom. United States v. Richard*, 943 F.2d 115 (1st Cir. 1991). As "the Court has yet to face any of these questions," this argument is premature. *United States v. Maling*, 737 F. Supp. 684, 689

(D. Mass. 1990), *aff'd sub nom. United States v. Richard*, 943 F.2d 115 (1st Cir. 1991); *see also United States v. Thomas*, 17-cr-194, 2019 WL 4095569, at *7 (D.D.C. Aug. 29, 2019) ("But where a defendant's challenge turns on what will—or will not—occur at a trial on the merits, a threshold motion to dismiss the indictment is premature.") (internal citations and quotations omitted); *see also United States v. Hazelwood*, 10-cr-150, 2011 WL 2565294, at *11 n. 2 (N.D. Ohio June 27, 2011), *aff'd in part sub nom. United States v. Darji*, 609 F. App'x 320 (6th Cir. 2015) ("Additionally, [the defendant's] citations to a variance and a constructive amendment are premature given that even if the Government had shifting legal theories, neither a variance nor a constructive amendment would be applicable until trial."); *United States v. Diallo*, 09-cr-858, 2009 WL 4277163, at *3 (S.D.N.Y. Nov. 24, 2009) ("A review under either theory[—variance or constructive amendment—]involves a review of the evidence presented at trial. Therefore [the defendant's] . . . claim of constructive amendment is premature.").

## V.     Conclusion

Accordingly, for the reasons stated above, Defendant's Motion to Dismiss is **DENIED**. (**ECF No. 2819**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of October, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**