UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>**[11] LUIS SANTANA-MENDOZA,**<br><br>*Defendant.* | Criminal No. 14-0754 (MAJ) |

**OPINION AND ORDER**

## I.   Introduction

On December 18, 2014, the Grand Jury handed down a sixteen-count indictment against Luis Santana-Mendoza ("Defendant") charging him with several drug and money laundering violations.[1] (**ECF No. 3**). Trial is scheduled for November 6, 2024. (**ECF No. 2817**). Pending before the Court is Defendant's Motion to Dismiss count four, which charges Defendant with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956 and 1957. (**ECF No. 2820**). Briefly, Defendant argues the aforementioned count should be dismissed because it is duplicitous.[2] *Id*. The Government has responded. (**ECF No. 2843**). For the reasons stated hereafter, Defendant's Motion is **DENIED**.

## II.   Discussion

The Court need not linger too long on the motion pending before it, because this issue has already been addressed by the Court on numerous occasions. As highlighted by

---

[1] Defendant was not charged with count 3.
[2] " Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Ramallo-Díaz*, 455 F. Supp. 2d 22, 26 (D.P.R. 2006) (citing *United States v. Canas*, 595 F.2d 73, 78 (1st Cir. 1979)).

1

the Government in its response, the present motion is almost word for word the motion filed at ECF No. 1816, albeit for a different defendant. There, represented by the same counsel, Defendant Jorge Acevedo-Martínez ("Defendant Acevedo") argued that count four should be dismissed because it is duplicitous. (**ECF No. 1816**). In recommending the Court deny Defendant Acevedo's motion, the Magistrate Judge pointed out that similar arguments were already denied twice by the Court. (**ECF No. 1840 at 2**). More specifically, the Magistrate Judge stated:

> The United State is correct and the undersigned will not re-invent the wheel for judicial economy and to avoid inconsistent decisions. As a matter of fact, Hon. Judge Daniel R. Domínguez issued an Omnibus Opinion and Order (Docket No. 1112) in which he analyzed similar issues to the ones now raised by Defendant Acevedo-Martínez [7] in the four Motions to Dismiss and denied them as to co-defendant Juan R. Zalduondo-Viera [16]. On a second occasion, Judge Domínguez rejected similar arguments raised by other co-defendants (José Silva-Rentas [2] and Randy Barbosa-Martínez [5]) and reiterated his prior rulings as follows:
>
> ORDER: denying 1006 Motion to Dismiss as to José Silva-Rentas (2) and Randy Barbosa-Martínez (5) and denying 1007 Motion to Dismiss as to José Silva-Rentas (2) and Randy Barbosa-Martínez (5). In its 1112 Omnibus Opinion and Order, the Court discussed ad nauseum how Count Four is legally sufficient. The Court also addressed arguments that Count Four was duplicitous and found it was not. Because Defendants Silva-Rentas and Barbosa-Martínez have merely parroted the arguments addressed by the Court in its aforementioned Opinion and Order, the Court need not reiterate its findings. Accordingly, pursuant to the analysis set forth at Docket No. 1112, Defendants' Motions to Dismiss Count four are hereby DENIED. (Docket No. 1175).

*Id*.

Finding "no reasons to deviate from the sound reasoning of the Court in its previous ruling on the same issues[,]" the Magistrate Judge recommended the motion be denied. *Id*. at 3. In so recommending, the Magistrate Judge noted that "Defendant Acevedo-Martínez [7] [] made no effort in distinguishing his situation from that of the other co-defendants and [] failed to explain why the prior rulings from the Court should

2

not be applicable to him." *Id*. This recommendation was adopted "in toto" by the Court. (**ECF No. 1926**).

The law of the case doctrine counsels against departing from the previous three similar findings on this issue, because "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Daumont-Colón v. Cooperativa de Ahorro y Crédito de Caguas*, 982 F.3d 20, 26 (1st Cir. 2020). While the doctrine is "inherently discretionary," "[t]he orderly functioning of the judicial process requires that judges of coordinate jurisdiction honor one another's orders and revisit them only in special circumstances." *Daumont-Colón*, 982 F.3d at 26; and then citing *Ellis v. United States*, 313 F.3d 636, 646 (1st Cir. 2002). Such special circumstances include when "a ruling was made on an inadequate record or was designed to be preliminary or tentative[;]" "if there has been a material change in controlling law[;]" "if newly discovered evidence bears on the question[;]" or "to avoid manifest injustice." *Id*. at 648.

Defendant raises none of the above-mentioned circumstances in moving the Court deem count four duplicitous. In fact, Defendant does not develop any argumentation as to why the Court should depart from the previous three similar findings on this issue. Absent a showing that the matter before the Court is a special circumstance, the Court will not grant Defendant the relief he seeks.

### III. Conclusion

Accordingly, for the reasons stated above, Defendant's Motion to Dismiss is **DENIED**. (**ECF No. 2820**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of October, 2024.

                                            **_/s/ María Antongiorgi-Jordán_**
                                            **MARIA ANTONGIORGI-JORDAN**
                                            **UNITED STATES DISTRICT JUDGE**