UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>*Plaintiff*,<br><br>v.<br><br>**[11] LUIS SANTANA-MENDOZA,**<br><br>*Defendant.* | Criminal No. 14-0754 (MAJ) |

**OPINION AND ORDER**

## I. Introduction

On December 18, 2014, the Grand Jury handed down a sixteen-count indictment against Luis Santana-Mendoza ("Defendant") charging him with several drug and money laundering violations.[1] (**ECF No. 3**). Trial is scheduled for November 6, 2024. (**ECF No. 2817**). Pending before the Court is Defendant's Motion to Dismiss counts five through sixteen, which charge Defendant with money laundering in violation of 18 U.S.C. § 1957. (**ECF No. 2821**). Briefly, Defendant argues the indictment does not adequately allege the requisite element of scienter. *Id*. The Government has responded. (**ECF No. 2845**). For the reasons stated hereafter, Defendant's Motion is **DENIED**.

## II. Legal Standard

Under the Federal Rules of Criminal Procedure, an indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). "An indictment need not say much to satisfy these

---

[1] Defendant was not charged with count 3.

requirements—it need only outline the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." *United States v. Berríos-Aquino*, 22-cr-00473, 2024 WL 1468488, at *3 (D.P.R. Apr. 4, 2024) (citing *United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011)).

"In contrast to a complaint in a civil action, an indictment in a criminal case generally is not subject to dispositive motion practice." *United States v. Jaafar*, 636 F. Supp. 3d 266, 268 (D. Mass. 2022) (*United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997) ("[D]ismissing an indictment is an extraordinary step.")). Accordingly, "[a] federal court's power to dismiss an indictment is reserved for 'extremely limited circumstances.'" *United States v. Jaafar*, 636 F. Supp. 3d 266, 268 (D. Mass. 2022) (quoting *Whitehouse v. U.S. Dist. Court for Dist. Of Rhode Island*, 53 F.3d 1349, 1360 (1st Cir, 1995)). "Indeed, '[i]n the normal course of events, a facially valid indictment returned by a duly constituted grand jury calls for a trial on the merits.'" *United States v. Jaafar*, 636 F. Supp. 3d 266, 268 (D. Mass. 2022) (quoting *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997)).

### III. Applicable Law and Analysis

Defendant argues that the indictment "is insufficient" because it does not adequately plead that Defendant engaged in monetary transactions "knowing" that the property was criminally derived. (**ECF No. 2821 at 4**). He maintains this renders the indictment "fatally flawed" such that it should be dismissed. *Id.* at 6. In response, the Government argues that read in totality, the indictment provides Defendant with the requisite notice of the crimes with which he is being charged. (**ECF No. 2845**). The Court agrees.

2

The applicable money laundering statute mandates that "[w]hoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b)." 18 U.S.C. § 1957. Counts five through sixteen in the indictment state that:

> the defendants specified below, aiding and abetting each other, did *knowingly engage* and attempt to engage in the following *monetary transactions* by through or to a financial institution, affecting interstate or foreign commerce, *in criminally derived property of a value greater than $10,000*, that is the transfer and payment of U.S. currency having been derived *from a specified unlawful activity*[.]

(**ECF No. 3 at 23**) (emphasis added).

As mentioned, an indictment "need only outline the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." *United States v. Berríos-Aquino*, 22-cr-00473, 2024 WL 1468488, at *3 (D.P.R. Apr. 4, 2024) (citing *United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011)). Here. the indictment has "faithfully followed the language of the statute." *United States v. De Castro-Font*, 587 F. Supp. 2d 372, 374 (D.P.R. 2008). The pleading standards set out in Federal Rule of Criminal Procedure 7 are thus satisfied.

"The indictment's reliance on the language of the statute and the clarity of that language is not the only reason that the indictment passes constitutional muster." *Id*. at 375. Defendant is correct that he "may not be convicted under section 1957(a) unless he knew that the transaction involved criminally derived property[.]" (**ECF No. 2821 at 3**) (citing *United States v. Richard*, 234 F.3d 763, 768 (1st Cir. 2000)). However, while counts five through sixteen do not explicitly allege he knew the transaction involved

3

criminally derived property, they do explicitly incorporate and reallege all of the matters set forth in count four which charges Defendant with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956 and 1957. (**ECF No. 3 at 23**). Therein, the indictment alleges—in relevant part—that Defendant "knew that the property involved in the financial transactions represented the proceeds from some form of unlawful activity[.]" *Id.* at 17-18. (emphasis added). The Court thus finds that the element of scienter is sufficiently plead.

### IV. Conclusion

Accordingly, for the reasons stated above, Defendant's Motion to Dismiss is **DENIED**. (**ECF No. 2821**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of October, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**

4